WESTERN DIS
October, 1833.

TEXADA
vs.
BEAMAN.

---

## TEXADA vs. BEAMAN.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

A power of attorney to collect a debt, and to do all acts necessary to effect the collection, does not authorise the agent or attorney to transfer the claim of his principal, in order to protect the transferee from the consequences of a suretyship.

The plaintiff states that a certain judgment was obtained by P. and R. Peebles, against one Martha Welch, and that

execution issued and was levied on a tract of land, formerly belonging to H. P. Welch, but which was sold and conveyed to him (plaintiff) during the pendency of these proceedings. He alleges also, that the above judgment has been transferred and set over to him by E. F. Briggs, the attorney in fact of P. and R. Peebles, wherefore, he prays for an injunction to stay the proceedings.

The conveyance or transfer of this judgment was made with a view to protect Texada, from a security debt of Peebles and wife, who were about removing to Texas.

The injunction was granted. The defendant denied the authority of the attorney in fact, to transfer the judgment, and prayed a dissolution of the injunction.

The power of attorney given by Peebles and wife, to Briggs, authorising him "to ask for and receive, and if necessary to sue for any sum or sums of money that might be due, &c.," "to execute and deliver receipts and acquitances for any claim, &c., and in short to do all acts in relation to any business in which I may be concerned for the recovery of debts or receipts of money, &c., hereby ratifying whatever the attorney may lawfully do in the premises, &c."

The district judge was of opinion this power was insufficient to transfer the judgment from the principals to Texada, and gave judgment for the defendants.

The plaintiff appealed.

PORTER, J., delivered the opinion of the court.

This case turns entirely on the authority of an agent to transfer a debt. He was empowered to collect it, and do all acts necessary to effect the collection. Under this power he passed the claim to a surety of his principal, in order to protect the transferee from the consequence of his engagement. We are of opinion he had no authority to do so, and it is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

A power of attorney to collect a debt, and to do all acts necessary to effect the collection, does not authorise the agent or attorney to transfer the claim of his principal, in order to protect the transferee from the consequences of a suretyship.

*Thomas*, for plaintiff and appellee.

*Dunbar, contra.*